Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000722
25-FEB-2020
08:02 AM

NOS. CAAP-18-0000726 and CAAP-18-0000722
(CONSOLIDATED)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-18-0000726**
JERRY HANEL, Petitioner-Appellant,
v. WARREN DANIEL, Respondent-Appellee

AND

**CAAP-18-0000722**
WARREN DANIEL, Petitioner-Appellee,
v. JERRY HANEL, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NOS. 1SS 18-1-000769 and 1SS 18-1-000708)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

In CAAP-18-0000722, Respondent-Appellant Jerry Hanel

(**Hanel**) appealed from an Injunction against Harassment entered on

August 21, 2018 (**Injunction**), Against him and in favor of his

neighbor, Petitioner-Appellee Warren Daniel (**Daniel**), in the

Honolulu Division of the District Court of the First Circuit

(**District Court**).[1]  In CAAP-18-0000726, Hanel (as Petitioner-

---

[1]     The Honorable Hilary Benson Gangnes presided.

Appellant) appealed from the Order Denying Petition for Injunction Against Harassment entered on January 16, 2019 (**Order Denying Injunction**), denying Hanel's request for an injunction against Daniel.[2]  On March 25, 2019, these appeals were consolidated under CAAP-18-0000726.

In CAAP-18-0000722, Hanel raised four points of error, contending that the District Court erred:  (1) when it did not apply the rules of evidence to the joint restraining order petitions and cross-petitions; (2) when it granted Daniel's petition based in part on Hanel's taking pictures of Daniel in public areas; (3) when it failed to grant a mistrial; and (4) when it issued an allegedly overbroad order.

In CAAP-18-0000726, Hanel raised three points of error, contending that the District Court erred:  (1) when it did not apply the rules of evidence to the joint restraining order petitions and cross-petitions; (2) when it granted Daniel's petition based in part on Hanel's taking pictures of Daniel in public areas; and (3) when it failed to grant a mistrial.

Upon careful review of the District Court record, the issues identified in the briefs submitted by the parties, and the appellate court record, we resolve Hanel's points of error as follows:

Hanel is dead, and Hanel's requests for relief from the Injunction and the Order Denying Injunction are no longer justiciable because his death renders them moot.  See Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006) ("The

---

[2]     The Honorable Hilary Benson Gangnes presided.

mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination.  Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition.") (citations omitted).  On February 3, 2020, this court issued an Order to Show Cause (**OSC**), which ordered that within ten days of the date of the OSC, either party could file a statement showing cause why this consolidated appeal should not be dismissed as moot.  The OSC stated that failure to respond could result in this appeal being dismissed as moot. Neither party has asserted that this appeal should not be dismissed as moot.

Because the issues raised in this appeal are no longer justiciable, this appeal is hereby dismissed as moot.  See id. at 315, 141 P.3d at 488.

DATED: Honolulu, Hawai'i, February 25, 2020.

On the briefs:

Jonathan Burge,
for Petitioner-Appellant/
 Respondent-Appellant
 JERRY HANEL.

David M. Hayakawa,
for Respondent-Appellee/
 Petitioner-Appellee
 WARREN DANIEL.

Presiding Judge

Associate Judge

Associate Judge